**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4223-19

DIANA M. TRUJILLO,

    Plaintiff-Appellant,

v.

OMNI BAKING CO.
a/k/a OMNI BAKERY,

    Defendant-Respondent,

and

GINSBURG BAKERY, INC.,

    Defendant.

                Argued January 4, 2021 – Decided February 24, 2021

                Before Judges Currier, Gooden Brown and DeAlmeida.

                On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket Nos. L-1322-17 and L-0976-18.

                Susan Ayres argued the cause for appellant (Hill & Associates, PC, attorneys; Susan Ayres, on the brief).

Richard E. Barber argued the cause for respondent (Haworth, Barber & Gerstman, LLC, attorneys; Michael S. Fabiani, on the brief).

PER CURIAM

On leave to appeal, plaintiff Diana Trujillo appeals from the denial of her motion for reconsideration of the order granting summary judgment to defendant Omni Baking Co., after finding Omni did not owe plaintiff a duty. Because we conclude the trial court misapprehended the timeframe in which to analyze the imposition of a duty, we reverse.

We summarize the facts from the motion record, viewing them as we must in a light most favorable to plaintiff. R. 4:46-2; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

On May 3, 2016, plaintiff was employed by defendant Baker Boys LLC, a baking company. As plaintiff was working at a mobile conveyor on the production floor of the Baker Boys facility, some dough fell off the conveyor. Plaintiff had been instructed by a supervisor not to let dough fall to the floor. When plaintiff reached below the machine to retrieve the dough, her right arm became caught in the machine's unguarded chain and sprocket. As a result, plaintiff's right arm was amputated below the elbow. Plaintiff had worked at Baker Boys for approximately one year before the incident.

Prior to August 31, 2015, Baker Boys was jointly owned by the Mulloy Family Trust and Frank Formica. During the joint ownership, the Mulloys were responsible for running operations at Baker Boys. Michael Mulloy served as plant manager and Daniel Mulloy served as general manager. At that time, the Mulloy family also owned Omni, a separate baking company.

In January 2014, Omni hired Sarah Duffy as its safety manager. Because Baker Boys did not have a safety manager, Michael Mulloy directed Duffy to also perform safety audits at the Baker Boys facility. Duffy performed an initial inspection on January 29, 2014. In her safety audit report issued after the inspection, Duffy advised a primary objective of the inspection was "to identify imminent or potential hazards." During her inspection, Duffy observed an unguarded mobile conveyor in the packaging area and an unguarded mixer in the mixing area. She stated: "It is vital that while the machines are in operation, guards are being utilized."

Thereafter, Duffy inspected the Baker Boys facility a "minimum [of] once a month" until April 2015. She stated that one objective of these audits was to ensure machines were properly guarded.

During her deposition, Duffy could not recall whether she inspected the portable conveyor on which plaintiff was injured. However, when shown a

3

picture of the conveyor, Duffy stated that had she seen the machine while performing a safety audit she would have "immediately pull[ed] it out of service" because it was unguarded and could cause "serious harm."

On August 31, 2015, the Mulloy Family Trust sold the entirety of their interest in Baker Boys to Formica. After the sale, Formica established his own management team, including safety personnel, for the Baker Boys facility. The new team included John Sweeney as general manager, Mark Carmen as assistant general manager, and Jim Bertino as head of safety.

Sweeney stated during his deposition testimony that "it was Baker Boys' responsibility at the time of [plaintiff]'s incident to make sure all of the equipment was safe to work on[,]" and there was no other entity responsible for workplace safety. He also stated that Duffy had no responsibility for training employees, maintaining equipment, or performing safety audits at the time of plaintiff's injury.

During discovery, depositions were taken from individuals who had worked at Baker Boys. Mark Carmen began working at Baker Boys in 2014.[1] He stated the conveyor plaintiff was working on at the time of her accident was

---

[1] As stated, he was the assistant general manager at the time of his deposition in May 2018.

unguarded during the time he worked at the facility up until plaintiff's injury. He also said the machine had always been in the same place on the facility floor during his tenure.

Josefa Herrera began working at Baker Boys in 2013. At the time of her deposition in 2018, she continued to work at Baker Boys as a supervisor. Herrera stated the conveyor was always unguarded and she told workers to be careful while standing and working next to the machine. She also said she told Michael Mulloy in 2013 to put a "door" or "gate" on the conveyor. Herrera denied ever telling the workers to pick up the dough that fell on the floor.

Salvador Merito recalled the portable conveyor being in the facility when he began working there in 2010. He said it was always unguarded during the time he worked at Baker Boys.

In June 2017, plaintiff filed a complaint asserting negligence and strict liability claims against Omni, Baker Boys, and various other defendants.[2] In May 2018, plaintiff filed a second complaint, asserting Omni was negligent while it was responsible for safety audits at the Baker Boys facility, causing her to sustain personal injuries. These cases were later consolidated.

---

[2] Plaintiff's claims against all other defendants except Baker Boys have been dismissed. Baker Boys has filed for bankruptcy.

A-4223-19

Omni moved for summary judgment, contending it did not owe a duty of care to plaintiff at the time of her accident because it no longer owned the baking company where she worked. Therefore, Omni asserted it was not responsible for safety inspections of the facility and it did not have the ability to exercise care for the employees after the sale.

In granting summary judgment, the trial judge concluded ~~that~~ Omni did not have a duty to plaintiff at the time of her injury, reasoning that the accident occurred nine months after the Mulloys sold their interest in Baker Boys and Formica installed a new management and safety team at the facility.

In reaching his decision, the judge analyzed the relationship of the parties, the ability to exercise care, and foreseeability of the injury, as well as fairness and public policy. Although the judge found the injury was foreseeable, he concluded Omni did not owe a duty to plaintiff because it no longer had any control at the Baker Boys facility nine months after the transfer of ownership. The judge also found that imposing a duty on Omni to keep the premises safe after the passage of time would inhibit industrial sales by "promot[ing] unfairness and . . . unlimited liability."

Plaintiff subsequently moved for reconsideration. On June 5, 2020, the trial judge issued an oral decision denying the motion. The judge found Omni's

6

duty was not "perpetual" and was extinguished on the day of the sale of the business.

We granted plaintiff's application for leave to appeal under Rule 2:5-6(a).

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (citation omitted). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 523. We accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

We review the denial of a motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

On appeal, plaintiff contends the court erred (1) in disregarding corporate formalities and focusing on the relationship between Omni and Baker Boys, rather than Omni and plaintiff; and (2) in analyzing Omni's ability to exercise care by focusing on its ability to do so after the August 2015 transaction, rather than while Omni was responsible for safety audits at the Baker Boys facility. We turn to general principles of law to frame our discussion.

Plaintiff's allegations of fault are claims of negligence. "[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013). Our focus here is on the first required element: the presence of a legal duty. The existence and scope of a duty is a legal question for the court. Broach-Butts v. Therapeutic Alt., Inc., 456 N.J. Super. 25, 34 (App. Div. 2018).

We have stated there is "no bright line that determines when one owes a legal duty to prevent a risk of harm to another." Est. of Campagna v. Pleasant Point Prop., LLC, 464 N.J. Super. 153, 178 (App. Div. 2020) (quoting Badalamenti v. Simpkiss, 422 N.J. Super. 86, 94 (App. Div. 2011)).

Omni does not dispute it owed a duty to plaintiff to exercise reasonable care during the time Duffy was conducting safety inspections at the Baker Boys

facility. Rather, it contends the duty ended when the Mulloy Family Trust sold its interest in the facility in August 2015. We disagree.

Whether an individual "has a duty to refrain from conduct that poses an unreasonable risk of foreseeable harm to others is a 'value judgment' based on public policy and notions of basic fairness -- did the person owe the injured party a duty of reasonable care?" Est. of Narleski v. Gomes, 244 N.J. 199, 223 (2020) (citing Kelly v. Gwinnell, 96 N.J. 538, 544 (1984)). Our Supreme Court has identified the following factors for a court to weigh in determining whether to recognize a duty:

> [1] the nature of the underlying risk of harm, that is, its foreseeability and severity, [2] the opportunity and ability to exercise care to prevent the harm, [3] the comparative interests of, and the relationships between or among, the parties, and [4] ultimately, based on the considerations of public policy and fairness, the societal interest in the proposed solution.
>
> [J.S. v. R.T.H., 155 N.J. 330, 337 (1998) (citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993)).]

The determination of such a duty is generally considered "a matter of law properly decided by the court." Wang v. Allstate Ins. Co., 125 N.J. 2, 15 (1991).

The issue was not whether Omni had the ability to exercise reasonable care at the time of plaintiff's injury but whether a duty existed at the time of the

9

alleged negligence. Plaintiff alleged the negligence occurred when Duffy, as Omni's employee, failed to identify the unguarded portable conveyor and failed to recommend guarding for the exposed drive chain and sprockets. Therefore, whether Omni owed a duty to plaintiff must be assessed during the timeframe it assumed the responsibility for the safety of the workers in the Baker Boys facility.

We turn then to an assessment of the Hopkins factors. Our Supreme Court has stated the first factor, the foreseeability and severity of the underlying risk of harm, is "crucial" in determining the imposition of a duty. Carter Lincoln-Mercury, Inc. v. EMAR Grp., Inc., 135 N.J. 182, 194 (1994). Foreseeability is "based on the defendant's knowledge of the risk of injury and is susceptible to objective analysis." Campagna, 464 N.J. Super. at 179 (quoting J.S., 155 N.J. at 338). "That knowledge may be an actual awareness of risk" or "constructive," in that "the defendant may be charged with knowledge if she is 'in a position' to 'discover the risk of harm.'" Ibid. (quoting Carvalho v. Toll Bros. & Dev., 143 N.J. 565, 578 (1996)).

Here, there is ample evidence demonstrating the conveyor was unguarded and dangerous before, during and after Duffy's safety inspections. Employees working at the Baker Boys facility testified that the machine was always

10

unguarded; Herrera said she told Michael Mulloy to put a guard on it. Duffy stated if she had seen the machine she would have taken it out of service due to its hazardous unguarded condition. According to plaintiff, she was told to pick up any dough that fell on to the floor when she was working on the conveyor. Therefore, Omni had both actual knowledge of the risk of harm or, at the very least, could be charged with constructive knowledge of the risk. It was foreseeable that an employee could be harmed while using the conveyor due to Duffy's failure to discover the unguarded machine and remove it from the facility floor.

In considering the second factor, a court must assess the defendant's opportunity or ability to exercise care or control to prevent the harm. "[I]mplicated in this analysis is an assessment of the defendant's 'responsibility for conditions creating the risk of harm' and an analysis of whether the defendant had sufficient control, opportunity, and ability to have avoided the risk of harm." Ibid. (quoting J.S., 155 N.J. at 339-40).

Duffy, at the instruction of Omni, performed safety inspections of the Baker Boys facility at least once a month between January 2014 and April 2015. She was authorized to "immediately" remove an unsafe machine from operation. In fact, Duffy testified that looking for unguarded machines was part of her

11

responsibilities as safety manager. Therefore, during the period when the alleged negligence occurred, Omni had the opportunity and ability to exercise care at the Baker Boys facility.

Under the third factor, a court considers the relationship between the parties and their comparative interests. "This involves consideration of 'the more fundamental question whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.'" Id. at 180 (quoting J.S., 155 N.J. at 338). "The inquiry is 'whether in light of the actual relationship between the parties under all of the surrounding circumstances the imposition . . . of a general duty to exercise reasonablse care in preventing foreseeable harm . . . is fair and just.'" Ibid. (quoting Hopkins, 132 N.J. at 438).

In its consideration of this factor, the trial court misapprehended its analysis. The factor requires an exploration of the relationship between plaintiff and Omni, not the relationship between Omni and Formica. In addition, the court erred in not assessing the relationship between the parties at the time of the alleged negligence, here, during Omni's safety inspections of the baking facility. During that timeframe, Omni was the entity entrusted with the safety of the workers. Because Duffy failed to remove the dangerous conveyor from the facility floor, it was still being used unguarded up until and on the day of

12

plaintiff's accident. Therefore, it was fair and just to impose a general duty on Omni to exercise reasonable care in preventing foreseeable harm. For the same reasons, we find the fourth factor also weighs in favor of the imposition of a duty as it entails a consideration of public policy and fairness.

All of the Hopkins factors weigh in favor of plaintiff, requiring a conclusion that Omni owed plaintiff a reasonable duty of care at the time of the alleged negligence. As a result, we are constrained to reverse the grant of summary judgment and denial of reconsideration.

Omni argues that any duty it may have owed plaintiff prior to the transfer of the property cannot continue to be imposed after the sale in August 2015. To be clear, we have not found the duty continued after the sale. We have concluded instead that the trial court did not consider the imposition of a duty during the proper timeframe. Because plaintiff alleged Omni was negligent in the performance of its safety inspections during the time it was responsible for ensuring the safety of the facility, the determination of whether Omni owed a duty was focused on that period of time.

Omni contends that, assuming a duty exists, plaintiff cannot establish Omni's breach of its duty was a proximate cause of plaintiff's accident and injuries. Because of the trial court's determination that Omni did not owe

A-4223-19

plaintiff a duty, this argument was not developed. Nevertheless, we are satisfied there is sufficient evidence in the record for reasonable minds to differ on whether Omni breached its duty and whether its negligence, if any, was the proximate cause of plaintiff's injuries. These are issues for a jury to resolve. See Lynch v. Scheininger, 162 N.J. 209, 235 (2000) (citation omitted) (stating "the question whether an intervening event supersedes a defendant's liability for antecedent negligence is ordinarily one for jury determination."); Vega by Muniz v. Piedilato, 154 N.J. 496, 509 (1998) (stating that proximate cause is an issue for a jury).

For the above reasons, we reverse the court's orders granting summary judgment and denying reconsideration. We remand to the trial court for further proceedings in accordance with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4223-19